# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL ROBBINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77067

FILED

NOV 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Appellant argues that the district court erred in determining that the supplemental petition was procedurally barred. Appellant filed a petition on August 19, 2015, within the one-year period for filing a timely postconviction petition for a writ of habeas corpus. NRS 34.726(1). The petition, however, did not set forth any grounds for relief, indicating additional grounds would be forthcoming. Appellant accompanied his petition with a motion to extend the time to file a supplemental petition, asking for 90 days to file a supplement. On September 21, 2015, the district court granted the motion in part and gave appellant 30 days to file a supplement. The supplement was filed on July 18, 2017, almost two years later. The district court determined that the supplemental petition was untimely filed and the claims raised therein were procedurally barred, but also denied the petition on its merits. We conclude that the district court erred in determining that the petition and supplemental petition were time barred. Although the supplement was undeniably submitted well beyond

19-46839

the deadline the district court set,[1] the supplemental petition was filed, the State never asked the district court to strike the late supplement, and the district court did not strike or otherwise deny appellant permission to file a late supplement. Because NRS 34.750(1) allows the district court to permit supplemental pleadings, and because our precedent allows a supplemental petition containing new claims to relate back to the original filing for purposes of the procedural bars, *see State v. Powell*, 122 Nev. 751, 758, 138 P.3d 453, 457-58 (2006), appellant's petition and supplemental petition were not procedurally time barred. Nevertheless, we affirm the district court's determination that appellant's substantive claims lack merit.

Appellant argues that the district court erred in denying his claims of ineffective assistance of counsel without an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S.

---

[1]We are troubled that appellant's counsel Joshua Tomsheck misrepresented in his briefing the deadline to file a supplement. Mr. Tomsheck asserts that no briefing schedule was imposed for the supplemental petition. This assertion, however, is belied by the documents before this court. The minutes of the hearing on the motion to extend indicate that appellant was provided only 30 days and the State was then provided 45 days to file an answer. And despite the fact that the transcript of this hearing was prepared and filed before appellant's appendix was submitted in this case, it was not included in the appendix. NRAP 30(b)(1) ("Copies of all transcripts that are necessary to the . . . review of the issues presented on appeal shall be included in the appendix.").

668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). An evidentiary hearing is required where a petitioner raises claims containing specific facts that are not belied by the record, and that, if true, would entitle the petitioner to relief. *Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984).

Appellant argues counsel should have investigated problems with the 9-1-1 system.[2] Appellant claims that he has found evidence that there were problems with the 9-1-1 system countywide and that this evidence would have supported appellant's wife's testimony that before the shooting she had dialed 9-1-1 but was unable to connect to an operator. Appellant did not demonstrate deficient performance or prejudice. Testimony at trial indicated that appellant's wife was unsure whether she hit send after dialing 9-1-1 from her phone, and the 9-1-1 log did not contain any indication of a failed call that evening. Given the testimony about the circumstances of the shooting, appellant did not demonstrate that there was a reasonable probability of a different outcome had counsel presented testimony or evidence regarding problems with the 9-1-1 system. Therefore,

---

[2]Appellant also presents this claim as one of newly discovered evidence. Such a claim is outside the scope of claims permissible in a postconviction petition for a writ of habeas corpus pursuant to NRS 34.724(1) and must be presented in a motion for a new trial based on newly discovered evidence pursuant to NRS 176.515(3).

the district court did not err in denying this claim without an evidentiary hearing.

Appellant argues that counsel should have identified, noticed, or called requisite witnesses to lay a sufficient foundation to introduce video evidence to support the defense theory of accidental or unintentional discharge. During trial, the district court denied appellant's request to present a video from YouTube showing an accidental or unintentional discharge because of foundational issues and because its probative value was outweighed by prejudice as the video only showed that accidental or unintentional discharges occur but there was no indication if the circumstances were similar or why the gun discharged in the video. Appellant did not demonstrate deficient performance or prejudice. Appellant has not corrected the foundational issues in the presentation of the video, and appellant has not indicated with any specificity what further actions trial counsel should have taken to present the video at trial. Trial counsel elicited testimony about accidental and unintentional discharge of a firearm through other witnesses. Appellant did not demonstrate that there is a reasonable probability of a different outcome at trial had trial counsel taken further actions regarding the video given the testimony about the shooting, including appellant's own statements that after he fired a shot into the vehicle, he walked up to the open driver side window, put the gun to the vicitm's neck, and shot the victim through the neck. Whether the gun accidentally discharged or appellant unintentionally pulled the trigger, his actions satisfy the elements of second-degree murder. NRS 200.010(1) (defining murder as the unlawful killing of a human being with malice aforethought, either express of implied); NRS 200.020 (defining express

malice as the deliberate intention to unlawfully take the life of another and implied malice to include circumstances where the killing shows an abandoned and malignant heart); NRS 200.030 (setting forth degrees of murder). Therefore, the district court did not err in denying this claim without an evidentiary hearing.

Appellant next argues that counsel should have objected to prosecutorial misconduct during closing arguments. Appellant raised the underlying claim of prosecutorial misconduct on direct appeal, and this court determined that he did not demonstrate plain error because there was no error. *Robbins v. State*, Docket No. 63007 (Order of Affirmance, July 22, 2014). Under these circumstances, appellant did not demonstrate that his trial counsel's performance was deficient or that there was a reasonable probability of a different outcome had trial counsel objected to the arguments. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

Appellant next argues that counsel should have retained an expert witness to contradict the uncontroverted expert testimony presented by the State. Appellant did not demonstrate deficient performance or prejudice because he did not identify with any specificity the expert that should have been retained or the potential testimony that could have been provided. Therefore, we conclude that the district court did not err in denying this claim without an evidentiary hearing.

Appellant next argues that counsel should have discussed the right to invoke spousal privilege and the fact that his wife could not be compelled to testify against him. Appellant did not demonstrate that trial counsel's performance was deficient or that he was prejudiced. Appellant's

wife was briefly canvassed before she testified, and she waived her right to invoke spousal privilege. NRS 49.295(1)(a) (spousal privilege); *Franco v. State*, 109 Nev. 1229, 1243-44, 866 P.2d 247, 256 (1993) (recognizing that spousal privilege belongs to the testifying spouse). To the extent that appellant argues that he did not consent to his wife revealing privileged marital communications, NRS 49.295(1)(b), some of the specific statements identified by appellant were not confidential. *See Deutscher v. State*, 95 Nev. 669, 683, 601 P.2d 407, 417 (1979) (recognizing that spousal privilege "is intended to protect confidential communications between spouses"); *see also Fields v. State*, 125 Nev. 785, 797, 220 P.3d 709, 717 (2009) (recognizing that warnings that a jail conversation will be recorded defeats the expectation of confidentiality). More importantly, the defense elicited the same testimony from appellant's wife regarding their conversation immediately after the victim was shot and the conversations in jail. And appellant testified that he shot the victim and explained his conversation in jail was an attempt to recall what occurred and not to influence his wife's testimony. Under these circumstances, appellant did not demonstrate that there was a reasonable probability of a different outcome had his wife not testified about what he said immediately after the shooting and during the recorded jail conversations. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

Appellant next attempts to incorporate by reference additional unidentified claims raised in the petition filed below. This is improper and we therefore have not considered any such claims. NRAP 28(e)(2); *Thomas v. State*, 120 Nev. 37, 43, 83 P.3d 818, 822 (2004).

 

Finally, appellant argues cumulative error. Even assuming that multiple deficiencies in counsel's performance may be cumulated for the purpose of determining prejudice, because appellant has not demonstrated any deficiencies, there is nothing to cumulate. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Silver

_____, Sr. J.
Douglas

cc:    Hon. Robert W. Lane, District Judge
       Hofland & Tomsheck
       Attorney General/Carson City
       Nye County District Attorney
       Nye County Clerk

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.